IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JUDY D. BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-284 |
| | § | |
| ALIXA-RX, LORRAINE DYER, | § | |
| and KELLY SIMPSON, | § | |
| | § | |
| Defendants. | § | |

### EMERGENCY MOTION FOR PROTECTIVE ORDER
### REGARDING HIPAA-SENSITIVE DOCUMENTS

Defendants Alixa Rx, LLC (incorrectly identified as Alixa-RX) Lorraine Dyer, and Kelly Simpson (together, "Defendants") respectfully submit this Emergency Motion and request the Court: (1) order Plaintiff to return or destroy all e-mails Plaintiff improperly removed from Alixa Rx that contain protected health information ("PHI") of patients, and to sign a certification attached as Exhibit 1 confirming that the PHI is no longer in her possession; (2) order Plaintiff to cease compromising the PHI information by using it in calls, e-mails, or court filings; and (3) replace Plaintiff's Exhibit B to her Amended Complaint (which contains PHI) with the redacted (but otherwise identical) copy attached as Exhibit 2 hereto. In support of this Motion, Defendants state as follows:

### I.   PROCEDURAL BACKGROUND

1. On March 29, 2021, Plaintiff filed her Original Complaint in the 219th District Court in Collin County, Texas. On April 9, 2021, Defendants removed the case to this Court. Dkt. 1.

2. On April 12, 2021, the Court issued its Order Governing Proceedings and ordered that the parties hold their Rule 26(f) conference by April 30, 2021. Dkt. 7. The Court also set an

in-person Rule 16 management conference on June 1, 2021. *Id*. The parties conferred and agreed to hold their Rule 26(f) conference on April 29, 2021.[1]

3. On April 15, 2021, Plaintiff filed her Amended Complaint alleging various employment-related claims against Defendants. Dkt 8. The same day, Plaintiff filed her first "Motion to the Court" in which she requested the Court compel the production of certain documents "from the Legal Hold Notice that was given to the Defendant on the 29th of March." Dkt. 9. Defendants responded to this Motion on April 27, 2021.[2] Dkt. 12.

4. On April 21, 2021, Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint. Dkt. 10. On April 28, 2021, the Court ordered Plaintiff to respond to Defendants' Motion to Dismiss by May 19, 2021. Dkt. 14.

## II. FACTUAL BACKGROUND RELEVANT TO REQUEST FOR PROTECTIVE ORDER

5. Meanwhile, Alixa Rx learned that prior to her resignation from employment on April 12, 2021, Plaintiff forwarded approximately 140 Alixa Rx e-mails to her personal Yahoo! account. Many of the e-mails contain protected health information ("PHI") of Alixa Rx patients, including names, addresses, phone numbers, and other identifying information. Then, on April 22, 2021, Alixa Rx also learned that Plaintiff was using this information and called at least one Alixa Rx patient and defamed and disparaged Alixa Rx. Plaintiff's actions were contrary to the trainings attended by Plaintiff during her employment on HIPAA rules and compliance, and Alixa Rx policies governing the non-disclosure of PHI and other sensitive information.

---

[1] On April 28, 2021, Plaintiff e-mailed counsel for Defendants that she "will be recording the conference on the 29th."

[2] In their Response, Defendants explained that they will interpret Plaintiff's discovery requests as having been served as of the day of the Rule 26(f) conference, pursuant to Rule 26(d)(2). Dkt. 12. In footnote 2 to Defendants' Response, Defendants summarized the issues discussed in this emergency motion.

6. On April 23, 2021, Alixa Rx sent Plaintiff a letter requesting that she cease all communications with Alixa Rx patients and instructing her to return or destroy e-mails containing PHI that she forwarded to her Yahoo! account. *See* Exhibit 3.

7. Plaintiff responded that she refuses to comply with Alixa Rx's requests until the Court-ordered conference on June 1, 2021. *See* Exhibit 4.

8. On April 27, 2021, counsel for Defendants e-mailed Plaintiff to assure her that Defendants will fully comply with the discovery process and the Court's Order Governing Proceedings, and that Plaintiff's destruction of all documents in her possession containing PHI will not hinder the discovery process, as Alixa Rx will produce to her (in redacted form) any e-mails that are relevant and responsive to her discovery requests. *See* Exhibit 5. Counsel for Defendants informed Plaintiff that should she continue compromising the PHI information by using it in calls, e-mails, or court filings, or should she refuse to destroy all HIPAA-sensitive documents she improperly removed from Alixa Rx servers, Alixa Rx will have no choice but to take immediate court action. *Id*.

9. In the same e-mail, counsel for Defendants also pointed out to Plaintiff that the Exhibit B to her Amended Complaint contains PHI of Alixa Rx's patients. *Id*. Counsel for Defendants requested that by Wednesday, April 28, 2021, Plaintiff either remove Exhibit B from the public docket in its entirety, or submit a redacted version of Exhibit B (redacting the PHI) to replace the one currently filed. *Id*.

10. Despite counsel for Defendants' multiple attempts to explain PHI and the need for Plaintiff to remove the sensitive information from the Court's public docket, she refused. *See* Exhibit 6.

11. On April 27, 2021, Plaintiff filed yet another "Motion to the Court" asking the Court to "instruct[] the Defendant to cease and desist any communication involving the destruction of documents pertaining to the Court's order of April the 9th." Dkt. 11

### III.  REQUEST FOR EMERGENCY RELIEF

12. Alixa Rx has an obligation under HIPAA to stop any breach. As described above, Alixa Rx has tried to do just that without involving the court.

13. However, based on Plaintiff's multiple representations that she will not comply with Alixa Rx's requests with respect to the handling of the PHI she improperly removed from Alixa Rx servers, including her refusal to redact the information currently included in Exhibit B to her Amended Complaint, Defendants had no choice but to seek emergency court intervention.

14. Plaintiff is actively using the PHI she took from Alixa Rx by including the information in her public filings with this Court and calling Alixa Rx patients. Accordingly, and in order to protect the privacy of its patients and in compliance with its obligations under HIPAA and other state and local privacy rules, Defendants respectfully request the Court: (1) order Plaintiff to return or destroy all PHI improperly removed from Alixa Rx, and to sign a certification attached as Exhibit 1 confirming that the information is no longer in her possession; (2) order Plaintiff to cease compromising the PHI information by using it in calls, e-mails, or court filings; and (3) replace Plaintiff's Exhibit B to her Amended Complaint with the redacted (but otherwise identical) copy attached as Exhibit 2.

15. Defendants seek relief from the Court because Plaintiff's actions explained above will lead to imminent, irreparable harm to Alixa Rx if the conduct continues.

## IV. CONCLUSION

Defendants have made numerous attempts to confer with Plaintiff to reach a resolution on the issue of protecting the PHI of Alixa Rx patients, without Court intervention, to no avail. Accordingly, Defendants had no choice but to file the instant Emergency Motion to ask for protection from the Court. Defendants respectfully request the Court, as quickly as possible: (1) order Plaintiff to return or destroy all PHI improperly removed from Alixa Rx, and to sign a certification attached as Exhibit A confirming that the information is no longer in her possession; (2) order Plaintiff to cease compromising the PHI information by using it in calls, e-mails, or court filings; and (3) replace Plaintiff's Exhibit B to her Amended Complaint with the redacted (but otherwise identical) copy attached as Revised Exhibit B. The relief requested by Defendants is necessary and narrowly tailored to protect Alixa Rx patients' information from improper disclosure.

Respectfully submitted,

/s/ *Kristin Snyder Higgins*
Kristin Snyder Higgins
Texas Bar No. 24046880
kristin.higgins@ogletreedeakins.com
Jamie Ashton
Texas Bar No. 24087211
jamie.ashton@ogletreedeakins.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, Texas 75225
Telephone: (214) 987-3800
Facsimile: (214) 987-3927

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

On April 23, 2021 and April 27, 2021, counsel for Defendants communicated in good faith with Plaintiff regarding the subjects discussed in the instant Emergency Motion. *See* Exhibits 3, 4, 5, and 6. Plaintiff has repeatedly stated that she will not comply. *Id*.

*/s/ Kristin Higgins*
Kristin Higgins

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing document was filed electronically on April 29, 2021 and served on Plaintiff via electronic mail and certified mail at:

Judy D. Brown
770 Fairway Dr., Apt. 1313
Coppell, Texas 75019
jd.brown2017@yahoo.com

*/s/ Kristin Higgins*
Kristin Higgins