## EXHIBIT B

| | |
|---|---|
| **From:** | Judy Brown <jd.brown2017@yahoo.com> |
| **Sent:** | Thursday, April 29, 2021 1:04 PM |
| **To:** | Higgins, Kristin Snyder; Ashton, Jamie B. |
| **Attachments:** | oppos to motion.pdf |

*[Caution: Email received from external source]*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

**Judy D. Brown**
**770 Fairway Dr. #1313**
**Coppell, Texas 75019**

       **Plaintiff**

       v.

**ALIXA-RX**
**Lorraine Dyer**
**Kelly Simpson**
**6400 Pinecrest Dr. #200**
**Plano, Texas, 75024**

       **Defendants**

CIVIL ACTION NO. 4:21-cv-284

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR EMERGENCY RELIEF

Plaintiff is in receipt of the Defendant's request for Emergency relief and submits her response to the Court.

Both the state of Minnesota as well as the Center for Medicaid Services under the Federal Government are conducting investigations regarding billing to Medicaid Patients, the same issue Plaintiff has put before the Court which are violations of law (Exhibit A)

Plaintiff has been informed that both of these entities have instructed the Defendant not to destroy any documents pertaining to their investigation hence by allowing the Defendants to destroy such evidence would be considered a hindrance in their investigation.

As Plaintiff has stated she believes her rights are protected under the guidelines of a whistleblower because of the activities they were conducting.

Plaintiff would ask of the Court to have the Defendant print out such emails where they state violations of HIPPA which Plaintiff feels they are not.

As she has stated before the subject line of these emails have made reference to CEASE AND DESIST, VISITING TIME, CLARITY, AND RETENTION AND SO FORTH which have nothing to do with HIPPA but in fact are pertaining to the harassment the Defendant was subjecting her to.

Defendant is wanting the court to use it's power of authority to destroy evidence crucial to her complaint and possibility as well the investigation currently being conducted and if the defendants are so confident the complaint will be dismissed why are they even asking the Court to destroy such documents.

Again Plaintiff makes reference to Section 5 under HIPPA *which reads:* (Exhibit B)

**Public Interest and Benefit Activities.  The Privacy Rule permits use and disclosure of protected health information, without an individual's authorization or permission, national priority purposes.  These disclosures are permitted, although not required, by the Rule in recognition of the important uses made of health information in outside of the health care context.  Specific conditions or limitations apply to each public interest purpose, striking the balance between the individual privacy interest and the public interest for this information.**

***Judicial and Administrative Proceedings.*** **Covered entities may disclose protected health information in a judicial or administrative proceeding if the request for the information is through an order from a court or administrative tribunal. Such information may also be disclosed in response to a subpoena or other lawful process if certain assurances regarding notice to the individual or protection order are provided**

As Plaintiff as stated several times, she feels there is nothing under Exhibit B of her Amended Complaint that suggests violations of HIPPA as well as the fact the letter from the Social Worker of Polk County in reaching out to her and her number was provided to HR and they never called her.

These documents were provided to the Plaintiff by the administrator in doing her job to protect the clients from being abused from over billing.

Respectfully Submitted

*Judy D. Brown*

Judy D. Brown                                  Date: April 29 2021
Plaintiff


kristin.higgins@ogletree.com
jamie.ashton@ogletree.com

Ex A

(Unread) je.brown2017@yahoo.com - Yahoo Mail

Tue, Apr 27 at 7:53 AM

~~78@protonmail.com~~

To: Judy Brown

AlixaRx is being audited by MM Medicaid

Sent from ProtonMail for iOS

## Re: (No Subject)

From: Ace~~779@protonmail~~.com)

To: jd.brown2017@yahoo.com

Date: Tuesday, April 27, 2021, 03:52 PM CDT


I just got another audit request from Centers for Medicaid and Medicare Services (CMS). That's Federal.

Sent from ProtonMail for iOS



On Tue, Apr 27, 2021 at 3:43 PM, Judy Brown <jd.brown2017@yahoo.com> wrote:

I just sent my revised motion for a protective order.....they made no reference to the deletion of any documents when they filed their ans on the 12th, so I am requesting the court not to allow any requests for deletion of evidence since it wasn't in their answer

On Tuesday, April 27, 2021, 03:31:24 PM CDT, Ace <ace779@protonmail.com> wrote:


That's what they asked for...billing records.

Sent from ProtonMail for iOS


On Tue, Apr 27, 2021 at 3:26 PM, Judy Brown <jd.brown2017@yahoo.com> wrote:

Do you know if it is because of billing issues

On Tuesday, April 27, 2021, 02:28:20 PM CDT, Ace <ace779@protonmail.com> wrote:


3

Sent from ProtonMail for iOS


On Tue, Apr 27, 2021 at 1:56 PM, Judy Brown <jd.brown2017@yahoo.com> wrote:

HOW MANY NAMES ARE ON THE LIST

# Federal requirements specify that each NF must provide, (and residents may not be charged for), at least:

- Nursing and related services

- Specialized rehabilitative services (treatment and services required by residents with mental illness or intellectual disability, not provided or arranged for by the state)

- Medically-related social services

- Pharmaceutical services (with assurance of accurate acquiring, receiving, dispensing, and administering of drugs and biologicals)

- Dietary services individualized to the needs of each resident

- Professionally directed program of activities to meet the interests and needs for well being of each resident

- Emergency dental services (and routine dental services to the extent covered under the state plan)

- Room and bed maintenance services

- Routine personal hygiene items and services

# Residents may be charged for:

- Private room, unless medically needed

- Specially prepared food, beyond that generally prepared by the facility

- Telephone, television, radio

- Personal comfort items including tobacco products and confections

- Cosmetic and grooming items and services in excess of those included in the basic service

- Personal clothing

- Personal reading materials

- Gifts purchased on behalf of a resident

- Flowers and plants

- Social events and activities beyond the activity program

- Special care services not included in the facility's Medicaid payment

# Additional information

Ex B

# Permitted Uses and Disclosures

A covered entity is permitted, but not required, to use and disclose protected health information, without an individual's authorization, for the following purposes or situations:

- Disclosure to the individual (if the information is required for access or accounting of disclosures, the entity MUST disclose to the individual)
- Treatment, payment, and healthcare operations
- Opportunity to agree or object to the disclosure of PHI (Informal permission may be obtained by asking the individual outright, or by circumstances that clearly give the individual the opportunity to agree, acquiesce, or object)
- Incident to an otherwise permitted use and disclosure
- Public interest and benefit activities—The Privacy Rule permits use and disclosure of protected health information, without an individual's authorization or permission, for 12 national priority purposes ⧉ :

  1. When required by law
  2. Public health activities
  3. Victims of abuse or neglect or domestic violence
  4. Health oversight activities
  5. Judicial and administrative proceedings
  6. Law enforcement
  7. Functions (such as identification) concerning deceased persons
  8. Cadaveric organ, eye, or tissue donation
  9. Research, under certain conditions
  10. To prevent or lessen a serious threat to health or safety
  11. Essential government functions
  12. Workers compensation

- Limited dataset for research, public health, or healthcare operations

Top of Page

# HIPAA Security Rule

While the HIPAA Privacy Rule safeguards protected health information (PHI), the Security Rule protects a subset of information covered by the Privacy Rule. This subset is all individually identifiable health information a covered entity creates, receives, maintains, or transmits in electronic form. This information is called "electronic protected health information" (e-PHI). The Security Rule does not apply to PHI transmitted orally or in writing.

To comply with the HIPAA Security Rule, all covered entities must do the following:

- Ensure the confidentiality, integrity, and availability of all electronic protected health information
- Detect and safeguard against anticipated threats to the security of the information
- Protect against anticipated impermissible uses or disclosures
- Certify compliance by their workforce

Covered entities should rely on professional ethics and best judgment when considering requests for these permissive uses and disclosures. The HHS Office for Civil Rights enforces HIPAA rules, and all complaints should be reported to that office. HIPAA violations may result in civil monetary or criminal penalties.

For more information, visit the Department of Health and Human Services HIPAA website ⧉ .

Top of Page

Learn More

**CV-Certificate of Service (Service of Papers Other than Citation)**
**Instructions:** Every notice, pleading, plea, motion, or request made to the court must be served on all other parties in person, by mail or courier, by fax, by e-mail with consent, or in another manner directed by the court. Pleadings and documents other than a citation may be served by a party to the suit, an attorney of record, a sheriff or constable, or any other person competent to testify.
Proof of such service must be evidenced by a certificate of service signed by a party or the party's attorney of record, or signed and verified if the service is made by any other person, and attached to the document filed with the Court. **Rule 501.4**

## CERTIFICATE OF SERVICE

I certify that this document was served on all parties to this lawsuit as follows:

Name of Document:  *Response To Defendant's Motion*

Method of Service *(include information for each party to the lawsuit served with the document)*:

☐ Personal Delivery:
    Name of Party or Party's attorney of record or agent, if any: _____
    Address : _____
    Date delivered: _____
    Person delivering document: _____

☐ Mail or Courier:
    Name of Party or Party's attorney of record or agent, if any: _____
    Address : _____
    Date mailed: _____        Certified Mail Receipt No.: _____
    Courier: _____
    Date of courier delivery: _____        Courier Receipt No.: _____

☐ Fax
    Name of Party or Party's attorney of record or agent, if any: _____
    Date and time fax sent: _____        Fax number: _____

☒ Email
    Name of Party or Party's attorney of record or agent, if any: *Kristin.higgins @ogletree.Com*
    Date and time email sent: *April 29, 2021*        Email address: *Jamie.ashton@ogletree.Con*

Signed on *April 29 2021*.        *Judy D. Brown*
                                   Signature of Party or Party's Attorney of Record

Signed on _____.        _____
                                   Signature of Person Providing Notice


**(VERIFICATION REQUIRED IF SERVICE IS BY A PERSON OTHER THAN A PARTY OR PARTY'S ATTORNEY)**

I declare under penalty of perjury that the information in this Certificate of Service is true and correct.

Signed on *April 29, 2021* in *Dallas*, County, Texas.

_____
Signature of Person Providing Notice
Printed Name: _____
Address: _____
Date of Birth: _____