**EXHIBIT D**

| | |
|---|---|
| **From:** | Judy Brown <jd.brown2017@yahoo.com> |
| **Sent:** | Friday, April 30, 2021 10:39 AM |
| **To:** | Ashton, Jamie B.; Higgins, Kristin Snyder |
| **Subject:** | Re: Brown v. Alixa-RX, et al Order Setting Hearing on Motion [ODNSS-OGL.078339.000002] |
| **Attachments:** | DYER AND SIMPSON.pdf |

**[Caution: Email received from external source]**

My respond is going out today along with my response to the Order to dismiss Dyer and Simpson, see attached

On Friday, April 30, 2021, 10:30:45 AM CDT, Ashton, Jamie B. <jamie.ashton@ogletree.com> wrote:

Ms. Brown,

Attached is an Order from the Court we received yesterday afternoon setting a hearing and expedited briefing schedule on Alixa Rx's Emergency Motion (also attached—this is the same motion that was e-mailed to you yesterday and sent via certified mail).

The Order requires you to file a response to Alixa Rx's Emergency Motion no later than 5:00 p.m. on Wednesday, May 5, 2021, or notify the Court that there is no opposition to the Emergency Motion.

The Court further ordered an in-person hearing before United States Magistrate Judge Christine A. Nowak, United States Courthouse Annex, 200 North Travis Street, Mezzanine Level, Sherman, Texas, on Thursday, May 6, 2021 at 3:00p.m.

Per the Order, we mailed you a copy of the attached Order and Emergency Motion. Also, I just left you a voicemail about the Court's Order, expedited briefing schedule, and in-person hearing. I called the number we reached you on yesterday: (682) 701-9471. If you have any questions, please give me a call back at 214-624-1160.

Thanks,

Jamie

**Jamie B. Ashton | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-624-1160 | Fax: 214-987-3927
jamie.ashton@ogletree.com | www.ogletree.com | Bio

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION


**Judy D. Brown**
**770 Fairway Dr. #1313**
**Coppell, Texas 75019**

      **Plaintiff**

CIVIL ACTION NO. 4:21-cv-284

      v.

**ALIXA-RX**
**Lorraine Dyer**
**Kelly Simpson**
**6400 Pinecrest Dr. #200**
**Plano, Texas, 75024**

      **Defendants**

## PLAINTIFF'S RESPONSE TO DEFENDANTS DYER AND SIMPSON MOTION TO DISMISS

I Judy D. Brown, Plaintiff in the above titled action submits her response to the Court's Order dated the 27th of April 2021.

Plaintiff states at this time she has made no claims of violations of either EEOC or any other law pertaining to discrimination of a protected class as attorney for the Defendants continue to make reference to.

Several courts have issued rulings that a hostile work environment does not have to be based on discrimination as the Texas Department of Justice stated in their Executive Directive in 2017 stating that a cause of action due to a hostile work environment can seek legal remedy and linked to something legally prohibited.

Calling Medicaid patients in a Nursing Facility for Money is legally prohibited according to state and federal law (exhibit A) and at the top of this exhibit it reads:

**"Federal requirements specify that each Nursing Facility must provide and residents may not be charged:"**
**Pharmaceutical services**

This exhibit was directly taken off the government website,

**Medicaid.gov**

Defendants Dyer and Simpson have more than 20 years experience between them in the dispensing of Medications to Nursing Facilities, especially Mrs. Dyer that helped draft the contracts to both DHS as well as the Facilities.

Plaintiff feels because both defendants knew what the laws were in regard to contacting Medicaid patients in nursing homes for money but failed to provide that knowledge to the Plaintiff and were antagonistic and intimidating in telling her "that's your job" and allowing her to endure comments that were degrading and humiliating and such comments from patients and family members were heard from other employees in the office.

One of the descriptions of a hostile work environment is as follows:

**"The phrase hostile work environment is a civil law term that refers to the behavior of an individual in a workplace that creates an environment that makes work difficult or uncomfortable for another person."**

Attorneys for the Defendants make reference to the Defendant's Policies and Rules but when Plaintiff makes reference to violations of these rules and policies the Defendants have committed, their reply is that these are just "guidelines" but when they "demand" something for the Plaintiff to do and reference the same rules and policies it seems it is no longer guidelines but requirements that have to be obeyed as the email from their attorneys state when the Defendants were "pushing" her to meet with them:

**"The email you forwarded below appears to be a workplace issue; not one involving your lawsuit.  We are aware you made certain allegations concerning alleged illegal or inappropriate conduct in your complaint, and as I mentioned above, we will respond and litigate that issue.  In the meantime, any other workplace investigations or workplace complaints are outside of our purview and instead will be handled according to your employer's policies and procedures, as you are a current employee of Alixa-RX. (Exhibit B)**

The main rule the Defendants violated is under **1.5: (Exhibit C)**

**"Engaging in activity or making false or offensive statements which are meant to intentionally harm the reputation of the company, employees, officers, its products or services, customers, or service providers.  (This section does not prevent the exercise of rights protected by Federal or state law, including converted protected activity.)**

It seems the Defendants are the only ones that are allowed to drive this one way street.

The complaint Plaintiff filed had to do with employment issues which attorneys for the Defendant specifically state in their reply to the complaint and it is the belief of the Plaintiff that a "workplace" issue is the same as an employment issue....because your workplace is your employment.

Defendant Simpson was responsible for sending the Plaintiff spreadsheets which had the names and amounts owed from patients on Medicaid and she knew full well at that time what the regulations were and continued to lie to the Plaintiff that they had fixed a computer glitch where in fact the "computer glitch" was changing Medicaid patients to "private paid" a violation of both state and federal law which is now being investigated.

It was also Mrs. Simpson that turned off the toll free billing line to her phone on the 24th of March and then when the Plaintiff sent her an email on the 31st informing her of this, not more than a half hour later the line was turned back on. (Exhibit D)

Mrs. Simpson or I should say Amanda Stewart sent her an email stating they had run a 7 day activity from the billing line but upon a closer look it is not a 7 day summary but a two day print out with a "comma" between the two dates.

Mrs. Simpson was the person that would instruct the Plaintiff to tell Patients or their family members that the reason they had now gotten a bill was because of a "computer glitch" that had now been corrected and as well Plaintiff heard her make this same remark to patients when Plaintiff transferred the call to her because of their anger.

Mrs. Dyer's involvement was similar but more vocal.  A month or so after these statements had been sent out and Plaintiff brought her concerns to Mrs. Dyer, Defendant's response was "That's your job" but when Plaintiff learned the truth surrounding the reasons these statements were sent out Plaintiff felt it was not her job to violate laws.

Plaintiff's concerns of Fraudulent Inducement of Employment was discussed with Mrs. Dyer as well in the beginning of January when she learned the other woman that had applied for the same position was being paid $2.00 more an hour than her.

Mrs. Dyer said she would have Cathy from HR look into but did not put any request in writing to HR or put it in her personnel file as she requested to HR in March after her second request to Mrs. Dyer giving the impression that indeed she was lied to.

Plaintiff feels because she has requested documented proof from the Defendants on why she was offered less that Ms. Wilson for the same job description as posted is sufficient for a claim of Fraudulent Inducement because the Defendants did not follow through on her request nor did HR when she made the same concern.

Plaintiff has been told that the previous collectors had quit or walked out and now Plaintiff has concerns that maybe it was because they to were asked to call Medicaid patients for money and they knew it was against the law and Mrs. Dyer oversaw them as well.

One of the witnesses Plaintiff intends to dispose will be a former employee that had told Mrs. Dyer that the contracts they had with the facilities and the Department of Human Services with the states specifically say they were not to call Medicaid patients for money which apparently Mrs. Dyer ignored.

For these reasons, Plaintiff feels both Mrs. Dyer's and Mrs.
Simpson's motion to be dismissed from her complaint should be denied
because they were the persons that oversaw Plaintiff work in calling
Medicaid patients as well as not following through on her request
supporting why she was not offered the same pay as Mrs. Wilson for the
same job posting supporting her claim of Fraudulent Inducement of
Employment.

Respectfully Submitted

Judy D. Brown
Plaintiff

Date 4-30-2021

kristin.higgins@ogletree.com
jamie.ashton@ogletree.com



4/27/2021                                                        Nursing Facilities | Medicaid

# Federal requirements specify that each NF must provide, (and residents may not be charged for), at least:

- Nursing and related services

- Specialized rehabilitative services (treatment and services required by residents with mental illness or intellectual disability, not provided or arranged for by the state)

- Medically-related social services

- Pharmaceutical services (with assurance of accurate acquiring, receiving, dispensing, and administering of drugs and biologicals)

- Dietary services individualized to the needs of each resident

- Professionally directed program of activities to meet the interests and needs for well being of each resident

- Emergency dental services (and routine dental services to the extent covered under the state plan)

- Room and bed maintenance services

- Routine personal hygiene items and services

# Residents may be charged for:

- Private room, unless medically needed

- Specially prepared food, beyond that generally prepared by the facility

- Telephone, television, radio

- Personal comfort items including tobacco products and confections

- Cosmetic and grooming items and services in excess of those included in the basic service

- Personal clothing

- Personal reading materials

- Gifts purchased on behalf of a resident

- Flowers and plants

- Social events and activities beyond the activity program

- Special care services not included in the facility's Medicaid payment

# Additional information

Exhibit

B

Judy,

Thank you for your email. As you are aware, Kristin and I are attorneys representing Alixa-Rx, Ms. Simpson, and Ms. Dyer in your pending lawsuit. Please direct any and all communications regarding your lawsuit to us directly, without going through Alixa-Rx employees or staff. We are in receipt of your complaint and we will respond accordingly.

The e-mail you forwarded below appears to be a workplace issue; not one involving your lawsuit. We are aware you made certain allegations concerning alleged illegal or inappropriate conduct in your complaint, and as I mentioned above, we will respond and litigate that issue. In the meantime, any other workplace investigations or workplace complaints are outside of our purview and instead will be handled according to your employer's policies and procedures, as you are a current employee of Alixa-Rx.

If you have questions or comments about your lawsuit, please let us know. Otherwise, we encourage you to contact Alixa-Rx human resources or your supervisor.

Thanks,

Jamie

**Jamie B. Ashton | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-624-1160 | Fax: 214-987-3927
jamie.ashton@ogletree.com | www.ogletree.com | Bio

EXHIBIT
C



**List of Improper Conduct**

The following lists improper conduct or behavior which will result in disciplinary action up to and including termination of employment. This list is not all-inclusive. There may be other instances which warrant disciplinary action. Management reserves the right to modify work rules and regulations or to establish different or additional rules or regulations as it deems appropriate and necessary at any time.

| Number | Violation |
| --- | --- |
| 1.0 | Violations of Company policy, procedure, Code of Conduct and Business Ethics areas or other instances of improper conduct not specifically listed. |
| 1.1 | Customer or patient abuse or neglect (physical, sexual, verbal or mental). |
| 1.2 | Failure to report observed customer or patient abuse or neglect, or a physical injury of a customer/patient which is suspected to be a result of abuse or neglect, or failure to report to a supervisor any customer/patient's report of abuse or neglect, or failure to report information concerning customer or patient abuse or neglect. |
| 1.3 | Impeding or Refusing to cooperate in a company investigation unless the law requires that such cooperation be voluntary. |
| 1.4 | Making malicious, obscene, or threatening statements about a customer, patient, employee, supervisor, or the company such as discriminatory remarks, harassment, and threats of violence or similar inappropriate or unlawful conduct. |
| 1.5 | Engaging in activity or making false or offensive statements which are meant to intentionally harm the reputation of the company, employees, officers, its products or services, customers, or service providers (This section does not prevent the exercise of rights protected by Federal or state law, including concerted protected activity). |
| 1.6 | Conviction of a felony, conviction of any misdemeanor or evidence of a felony or misdemeanor that is job related and/or could adversely affect the Company's health care business while employed by the Company unless prohibited by state law. Controlling State Law should be applied. |
| 1.7 | Theft, attempted theft, fiduciary malfeasance or abuse and/or the unauthorized possession of the property of the Company, worksite, another employee, customer, patient, or visitor. Willful or attempted sabotage, abuse, damage, or destruction of property belonging to the location, an employee, a customer, a patient, a visitor, or other person doing business with the location. |



Agent Performance Overview (detail)
Report generated for Wed, 31 Mar 2021 15:01:17 GMT at Wed, 31 Mar 2021 15:02:44 GMT
Company name: AlixaRx
Requested by kelly.simpson@alixarx.com
Call Date/Time btwn Wednesday, March 24, 2021 12:00:00 AM, Wednesday, March 31, 2021 11:59:59 PM
Party Name in Judy Brown

*a comma is not 7 days*

| Call Date/Time | Extension | Party Name | Workgroup Extension | Workgroup Name |
|---|---|---|---|---|
| 2021-03-24 3:16:58 PM | 1373 | Judy Brown | n/a | n/a |
| 2021-03-31 9:40:18 AM | 1373 | Judy Brown | n/a | n/a |
| 2021-03-31 9:42:01 AM | 1373 | Judy Brown | n/a | n/a |

*Report only covers 2 days*
*March 24 when phone was turned off*
*and March 31st when it was*
*turned back on*

**CV-Certificate of Service (Service of Papers Other than Citation)**

**Instructions:** Every notice, pleading, plea, motion, or request made to the court must be served on all other parties in person, by mail or courier, by fax, by e-mail with consent, or in another manner directed by the court. Pleadings and documents other than a citation may be served by a party to the suit, an attorney of record, a sheriff or constable, or any other person competent to testify.

Proof of such service must be evidenced by a certificate of service signed by a party or the party's attorney of record, or signed and verified if the service is made by any other person, and attached to the document filed with the Court. **Rule 501.4**

## CERTIFICATE OF SERVICE

I certify that this document was served on all parties to this lawsuit as follows:

Name of Document: _Response To Order of Court / Simpson, Pyek_

Method of Service *(include information for each party to the lawsuit served with the document)*:

☐ Personal Delivery:

    Name of Party or Party's attorney of record or agent, if any: _____

    Address : _____

    Date delivered: _____

    Person delivering document: _____

☐ Mail or Courier:

    Name of Party or Party's attorney of record or agent, if any: _____

    Address : _____

    Date mailed: _____    Certified Mail Receipt No.: _____

    Courier: _____

    Date of courier delivery: _____    Courier Receipt No.: _____

☐ Fax

    Name of Party or Party's attorney of record or agent, if any: _____

    Date and time fax sent: _____    Fax number: _____

☒ Email

    Name of Party or Party's attorney of record or agent, if any: _Kristin Higgins_

    Date and time email sent: _12:00  4-30-2021_    Email address _Kristin.Higgins@ogletree.c_

Signed on _Apr 30, 2021_    _Judy O. Brown_

    Signature of Party or Party's Attorney of Record

Signed on _____

    Signature of Person Providing Notice

**(VERIFICATION REQUIRED IF SERVICE IS BY A PERSON OTHER THAN A PARTY OR PARTY'S ATTORNEY)**

I declare under penalty of perjury that the information in this Certificate of Service is true and correct.

Signed on _____ in _____, County, Texas.

    Signature of Person Providing Notice

    Printed Name: _____

    Address: _____

    Date of Birth: _____